**TWINSBURG CITY SCHOOLS, Appellant,**

v.

**OHIO CIVIL RIGHTS COMMISSION, Appellee.**

[Cite as *Twinsburg City Schools v. Ohio Civ. Rights Comm.* (1993), 86 Ohio App.3d 527.]

Court of Appeals of Ohio,
Summit County.

No. 15651.

Decided Feb. 24, 1993.

*Ronald Habowski,* for appellant.

*Joseph Rubino,* for appellee.

---

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of the Twinsburg City School District Board of Education ("board") from the Summit County Court of Common Pleas. The trial court found that there was a preponderance of reliable, probative and substantial evidence upon which to affirm a decision by the Ohio Civil Rights Commission ("commission") that the board refused to hire complainant, Karla Wilson, for reasons not applied equally to all persons without regard to their age. We reverse.

■  Karla Wilson was forty-five years old during the time period relevant to this action. Wilson worked for the board as a full-time elementary tutor from 1984 to 1989. In this capacity, she was given excellent evaluations. Additionally, she had taught fourth and sixth grades for over four years in the late 1960s and had extensive experience as a substitute teacher.

In May 1989, Wilson was interviewed by the board in regard to an opening as a full-time third grade teacher. Approximately fifteen applicants were initially interviewed for the position, and three applicants were granted second interviews. Wilson was not given a second interview. The successful applicant was twenty-four years of age and had one year of experience teaching second grade.

Wilson filed a complaint with the Ohio Civil Rights Commission, alleging she was discriminated against due to age by the board. The commission, after public hearing, found that the board had engaged in unlawful discriminatory practices and ordered the board to cease those practices and offer Wilson a position as a full-time classroom teacher. The board appealed the commission's order to the Summit County Court of Common Pleas, and the court affirmed the order.

■  It is from this finding that the board appeals, asserting a single assignment of error:

"The trial court abused its discretion in finding there was a preponderance of reliable, probative and substantial evidence upon which to affirm the Ohio Civil Rights Commission decision."

R.C. 4112.02(A) provides:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

R.C. 4112.05(G) establishes the evidentiary standard that must be met before the commission may order a respondent, in this case the board, to cease and desist from a challenged practice, or take other affirmative action. R.C. 4112.-05(G) provides:

"If upon all reliable, probative, and substantial evidence the commission determines that the respondent has engaged in, or is engaging in, any unlawful discriminatory practice, * * * the commission shall state its findings of fact and conclusions of law * * *."

"Reliable, probative, and substantial evidence" in an employment discrimination case brought pursuant to R.C. Chapter 4112 means evidence that is sufficient to support a finding of discrimination under federal Title VII of the Civil Rights Act of 1964. *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 575 N.E.2d 1164; *Plumbers & Steamfitters Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 196, 20 O.O.3d 200, 202, 421 N.E.2d 128, 131. Under the analysis set forth under federal law, we must determine on this appeal whether the trial court abused its discretion in finding that there was a preponderance of reliable, probative and substantial evidence upon which to affirm the commission's decision. *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

In this case, the commission first proved a *prima facie* case of discrimination against Wilson. That is, the commission proved that (1) she was a member of a statutorily protected class, (2) she was not hired, (3) she was qualified for the position, and (4) a person not belonging to the protected class was hired. *McDonnell Douglas, supra; Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439; *Murdock v. B.F. Goodrich* (Dec. 30, 1992), Summit App. No. 15654, unreported, 1992 WL 393158.

The burden then shifted to the board to specify legitimate nondiscriminatory reasons for the failure to hire Wilson. *Plumbers & Steamfitters,* 66 Ohio St.2d at 197, 20 O.O.3d at 203, 421 N.E.2d at 131. As recognized by the hearing examiner, the board gave several legitimate reasons for failing to hire Wilson. The burden then shifted back to the commission to prove that the "employer's articulated reasons for the [failure to hire] are a pretext for impermissible

discrimination." *Plumbers & Steamfitters* at 198, 20 O.O.3d at 203, 421 N.E.2d at 132, citing *McDonnell Douglas.*

We have reviewed the record in this case and find that the trial court abused its discretion in finding reliable, probative, or substantial evidence to support a claim that Wilson was not hired because of her age, and not because of the legitimate reasons articulated by the board. The undisputed testimony presented by the board showed that the responsibilities of a classroom teacher and a tutor are markedly different and that Wilson was "unenthusiastic" about the new position. Wilson's experience as a classroom teacher was in the late 1960s, and she had not taken measures to further her education. This was evidenced by Wilson's failure to be adequately prepared for the interview and failure to answer questions regarding current trends in education. In contrast, it is undisputed that the successful applicant was pursuing a master's degree in education and had up-to-date knowledge of current educational trends. These reasons alone are sufficient to support the board's decision not to hire Wilson. The commission failed to show that these reasons were pretextual.

We find that the record does not indicate by reliable, substantial, and probative evidence that Wilson's age was a factor in the board's decision not to hire her. See *Plumbers & Steamfitters* at 200, 20 O.O.3d at 205, 421 N.E.2d at 133; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. Appellant's assignment of error is well taken, the judgment of the trial court is reversed, and the cause is remanded for the entry of an order consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN and COOK, JJ., concur.